IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RODERICK DUSTIN JACKMAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL FILINGS<br><br><br><br>Case No. 2:09-CR-581 TS |

This matter is before the Court on Defendant's Motion to Seal Filings. Defendant seeks to seal two documents filed in this case: United States' Response and Opposition to Defendant's Objections to Presentence Report & Sentencing Memorandum (Docket No. 56) and Defendant's Reply to Government's Response to Sentencing Memorandum (Docket No. 59). For the reasons set forth below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

This matter came before the Court for sentencing on June 16, 2011. In anticipation of sentencing, both parties filed their respective sentencing memoranda. At issue in this Motion are two such filings: United States' Response and Opposition to Defendant's Objections to

1

Presentence Report & Sentencing Memorandum and Defendant's Reply to Government's Response to Sentencing Memorandum.

In these documents, the parties largely discuss legal issues concerning application of United States Sentencing Guideline ("USSG") § 2G2.2. The parties also discuss a number of items relevant to the Court's consideration of the factors contained in 18 U.S.C. § 3553(a), which the Court must consider in determining the appropriate sentence. Neither document was filed under seal.

Defendant now seeks to seal both documents. Defendant provides a number of reasons for doing so. First, Defendant argues that the government's description of the images he possessed puts him at risk of harm and creates a risk to members of the public who may come across these descriptions. Second, Defendant agues that both pleadings discuss the psychological evaluations, which contain sensitive information that should not be publicly disclosed. Finally, Defendant argues that it is common practice in this district to file such documents under seal and doing so in this case would be consistent with this practice. The government opposes Defendant's request, arguing that Defendant has failed to show good cause for sealing these filings. The government further suggests that, if the Court finds that portions of the documents should be sealed, only those portions of the documents should be sealed.

## II. DISCUSSION

DUCrimR 49-2(b) provides that "[o]n motion of any party and a showing of good cause, the court may order that all or a portion of the documents filed in a case be sealed."

> Courts have long recognized a common-law right of access to judicial records. This right, however, is not absolute. The presumption of access . . . can be

rebutted if countervailing interests heavily outweigh the public interests in access. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.[1]

The Tenth Circuit has stated that "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure."[2]

With this framework in mind, the Court considers the documents at issue in this Motion. As stated, much of both filings concern the application of USSG § 2G2.2. Defendant has not met his burden of showing a significant interest in sealing these portions of the documents. These portions of the documents discuss legal matters that are precisely the type of document that the public is entitled to access. These portions of the documents do not contain the private, personal information of which Defendant has expressed concern. Therefore, Defendant's request as to the majority of the documents will be denied.

The portion of the documents discussing the factors the Court is to consider under 18 U.S.C. § 3553(a) presents a more difficult question. In these sections, the documents discuss material from the presentence report and the psychological evaluations. Such materials are not part of the public record and the disclosure of such information may be detrimental to Defendant. The Court finds that discussion of these sealed materials should also be made under seal. Therefore, the Court will grant Defendant's request and will seal that portion of the parties' sentencing memoranda discussing the 18 U.S.C. § 3553(a) factors.

---

[1] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotation marks and citations omitted).

[2] *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

In order to accomplish this, the Court will order Docket Nos. 56 and 59 to be sealed by the Clerk of the Court. The parties are directed to re-file their sentencing memoranda without those portions discussing the § 3553(a) factors (Section III of the Argument Section of the United States' Response and Opposition to Defendant's Objections to Presentence Report & Sentencing Memorandum (Docket No. 56 at 17-23) and Section VI of the Argument Section of Defendant's Reply to Government's Response to Sentencing Memorandum (Docket No. 59 at 21-26)). The parties are directed to re-file those portions of their sentencing memoranda under seal. The parties shall do so by July 18, 2011.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Seal Filings (Docket No. 62) is GRANTED IN PART AND DENIED IN PART as set forth above. The Clerk of the Court is directed to seal Docket Nos. 56 and 59. The parties are directed to re-file their sentencing memoranda in accordance with the instructions set forth above.

DATED   July 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge